JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. PASS THROUGH CERTIFICATES 2005-QO5,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. ESCOBAR, et al.,<br><br>Defendants. | CASE NO. ED CV 15-2148 FMO (KKx)<br><br>**ORDER REMANDING ACTION** |

## INTRODUCTION

On October 16, 2015, defendants Michael A. Escobar and Lorna S. Escobar ("defendants"), having been sued by Deutsche Bank Trust Company Americas As Trustee for Residential Accredit Loans, Inc. Pass Through Certificates 2005-QO5 ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on federal question grounds pursuant to 28 U.S.C. §§ 1331. (See Notice of Removal of Action ("NOR") at ¶ 7).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114

S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently

allege facts supplying federal question jurisdiction.[1]  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

There is no basis for federal question jurisdiction, as the state court complaint contains a single cause of action for unlawful detainer.  (See, generally, Complaint).  The state court complaint discloses no federal statutory or constitutional question.  (See, generally, id.); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no merit to defendants' contention that federal question jurisdiction exists on the basis of the "Protecting Tenants at Foreclosure Act of 2009,[] 12 U.S.C. §5201" ("PTFA").  (See NOR at ¶ 7) (internal quotation marks omitted).  The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions.  See Logan v. U.S. Bank Nat. Ass'n, 2013 WL 3614465, *1 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"); accord Wescom, 2010 WL 4916578, at *2 ("The PTFA's provisions requiring that notice be given ninety days in advance and preventing termination of a bona fide lease unless a purchaser will occupy the unit as a primary residence, *see* P.L. No. 111-22 § 702(a)(2)(A), offer [defendant] a federal defense to an unlawful detainer action where the plaintiff fails to comply with these requirements. A federal defense, however, does not support federal-question jurisdiction.") (citation omitted).  It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, 482

---

[1] Defendants do not contend that this court has diversity jurisdiction under 28 U.S.C. § 1332. (See, generally, NOR).

U.S. at 393, 107 S.Ct. at 2430. Thus, to the extent defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. See id. Therefore, there is no basis for federal question jurisdiction.

In short, there is no subject matter jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Bernardino, 17780 Arrow Blvd., Fontana, California 92335, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 23rd day of October, 2015.

/s/
Fernando M. Olguin
United States District Judge